# United States District Court
## District of New Mexico

UNITED STATES OF AMERICA,

     v.

JAMIESON CHAD MASON

**ORDER OF DETENTION PENDING REVOCATION HEARING**

Case Number: 20-CR-1952 JB

In accordance with the Fed. R. Crim. P. 32.1(a)(6) and 18 U.S.C. § 3143(a)(1), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending a final revocation hearing in this case.

### Findings of Fact

(1) The defendant is held in custody for violating probation or supervised release. *See* Fed. R. Crim. P. 32.1(a)(1).

(2) The Court held a preliminary hearing and found probable cause for some or all of allegations of violation of probation or supervised release OR a preliminary hearing was waived by the defendant. *See* Fed. R. Crim. P. 32.1(b)(1)(A).

(3) At the detention hearing, the defendant did not establish, nor did the court find, by clear and convincing evidence that the defendant will not flee or pose a danger to any other person or to the community if released under 18 U.S.C. § 3142(b) (personal recognizance or unsecured appearance bond) or (c) (release on conditions) pending further proceedings. *See* Fed. R. Crim. P. 32.1(a)(6); 18 U.S.C. § 3143(a)(1).

(4) Additional findings or explanations: The Probation Officer instructed Defendant to report to the Icarus program upon his release from custody on May 8, 2026, but Defendant first needed to go the UNM Hospital to attend to an injury to his knee. Defendant failed to keep in touch with the Probation Officer as instructed, and the Probation Officer learned on May 13, 2026, that Defendant was not a current patient at UNMH. Defendant's whereabouts were unknown until he was arrested on July 1, 2026, for possession of fentanyl and drug paraphernalia. The APD officer who arrested Defendant noticed him sitting on the sidewalk in a semiconscious state consistent with recent opioid use. Defendant absconded from supervision and is a flight risk. He also failed to prove by clear and convincing evidence that he is not a danger to any other person or the community.

### ORDER OF DETENTION

Therefore, pursuant to Fed. R. Crim. P. 32.1(a)(6), the defendant shall be and is ordered detained pending a revocation hearing.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility pending a revocation hearing. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Date: 07/09/2026

_____
Laura Fashing, U.S. Magistrate Judge

Revised 06/05/2024